IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.:      3:10cr51/LAC/EMT
                                                          3:12cv72/LAC/EMT

DOUGLAS E. LEIGHTEY

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 104, 105). The Government filed a response (doc. 110), and Defendant filed a reply (doc. 113).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules 8(a) and (b) of the Rules Governing Section 2255 Proceedings

### PROCEDURAL BACKGROUND

Defendant was charged in a three-count indictment with use of a computer to attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity ("Count One"); travel in interstate commerce for the purpose of engaging in illicit sexual conduct with a person under the age of 12 ("Count Two"); and use of a computer to attempt to transfer obscene material to a minor ("Count

Three") (doc. 16).[1]  Attorney Barry Beroset filed a notice of appearance less than a week after Defendant's indictment was returned (doc. 19).

The charges stemmed from Defendant's contact, via computer chat room(s) and then via email, with undercover law enforcement agents, and Defendant's travel to the state of Florida with the purported intention of engaging in sexual conduct with the agents' fictitious minor child.[2]

Counsel filed a notice of intent to rely on the entrapment defense at trial (doc. 29).  Defendant also moved to dismiss the indictment on the ground that in the absence of actual children, it was legally impossible for him to have committed the crimes charged (doc. 31).  Defendant further claimed that the indictment should be dismissed because the minimum mandatory 30-year sentence he faced on Count Two was disproportionate when compared to state law sentences for attempted sex crimes, and that, considering his lack of contact with an actual child, the sentence amounted to cruel and unusual punishment.  The defense acknowledged that controlling case law was contrary to its position, but that it had filed the motion merely to preserve the issues (*id*. at 4).  The court denied the motion (doc. 36).  After a two-day jury trial, the jury convicted Defendant on all counts (docs. 52, 79, 80).

A draft Pre-sentence Investigation Report ("PSR") was prepared prior to sentencing (doc. 59).  The defense offered no substantive objections (*see* doc. 60).  In the final PSR, the three counts of conviction were grouped, and Defendant's base offense level was 38 (doc. 62, PSR ¶¶ 31, 32).  With a two-level adjustment for use of a computer and no other adjustments, Defendant's total offense level was 40 (PSR ¶¶ 33–41).  Defendant had no criminal history points and thus a criminal history category of I (PSR ¶¶ 44, 45).  The statutory penalty provisions were as follows: Count One,  statutory minimum penalty of 10-years imprisonment and maximum of life; Count Two, statutory minimum term of 30 years and maximum of life; Count Three, maximum term of ten years (PSR ¶ 73).  The guidelines range of 292 to 365 months became 360 to 365 months due to the mandatory minimum sentence on Count Two (PSR ¶ 74).

---

[1] Defendant had previously been arrested and detained in conjunction with a criminal complaint (*see* docs. 1, 2, 3, 9, 11, 14).

[2] Detailed statements of facts describing the offense conduct are set forth in the Presentence Investigation Report (doc. 62) and in the Eleventh Circuit's opinion (doc. 87) and will be set forth herein only as necessary.

There were no objections at sentencing (doc. 81 at 2).  Defense counsel argued that the case was "one of the closest cases [he had seen] to an entrapment as a matter of law" (*id.* at 3).  The court imposed a sentence of 360-months imprisonment Count Two and 120-months imprisonment on Counts One and Three, with each count to run concurrently with each other (*id.* at 6).  The court also imposed a fine of $10,000 (*id.* at 7; *see also* doc. 65).

Defendant appealed his convictions and his sentence on Count Two (doc. 87).  He contended that he was entrapped as a matter of law and that, consequently, the district court erred in denying his motion for a judgment of acquittal.  He also raised numerous challenges to his sentence on Count Two.  The appellate court found that there was no entrapment because there was specific evidence of Defendant's predisposition to engage in the illicit conduct.  For instance, agents did not try to entice or persuade Defendant to have sex with the alleged "child"; the agent posing as the "child's" father gave Defendant an "out" by suggesting that he stick with adults instead of children; and Defendant had admitted that he had been involved in conversations with other families regarding the possibility of having sex with their children (*id.* at 13).  The Eleventh Circuit Court of Appeals found Defendant's arguments with respect to sentencing error to be contradicted by its precedent, and it affirmed his convictions and sentence (*id.* at 14–15).  Defendant's petition for writ of certiorari was denied.  Leightey v. United States, 132 S. Ct. 534 (2011)

In the instant motion, Defendant separates his claims into four grounds for relief.  He claims that counsel was constitutionally ineffective for failing to obtain and present exculpatory material, that counsel's cumulative errors amounted to ineffective assistance of counsel, that his due process rights were violated when the Government did not make his laptop available for forensic examination, and that his convictions and sentence are in violation of myriad constitutional amendments.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is

otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998);  McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  Lynn, 365 F.3d at 1232 n.14 (quoting Mills, 36 F.3d at 1055).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be

fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."  Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  Strickland, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. See Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099

(quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).  The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."  United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

Ground One

Defendant first contends that counsel was constitutionally ineffective when counsel failed to "obtain, review and present available material highly exculpatory evidence in the form of the record of communications contained in Mr. Leightey's laptop computer seized and possessed by the Government" (doc. 104 at 6).  Defendant asserts that counsel's omissions were not the result of reasoned decisions based on strategic or tactical choices but rather a result of counsel's abdication of the duty and responsibility to advocate his client's case (*id*. at 15).  Defendant further contends that he was prejudiced because the evidence contained on the computer, in the form of communications between Leightey and Detective Wilkinson (the agent posing as the father of the minor child) demonstrated that Defendant "wanted to meet the wife of Defendant Wilkinson and only replied to

Detective Wilkinson's statements and questions about [Wilkinson's] children in order to further Mr. Leightey's chance to meet and interact with the wife of Detective Wilkinson" (*id*. at 16).

Defendant's former trial attorney, Barry Beroset, states in his affidavit that he received from the Government—and reviewed with his client—discovery material including: a disc containing chats between Defendant and the undercover agents from December 3, 2009 through April 12, 2010, along with an email, photographs and images of chats; hard copies of chats from December 3, 2009 through April 21, 2010[3]; hard copies of emails from April 13, 2010 through April 22, 2010; and a disc containing telephone calls made on April 19, 2010 (doc. 110-1 at 2). Counsel indicated that when Defendant reviewed the chats he made a few marginal notes, but that there was only one note that made any reference to the possibility that something might have been missing from the communications. Specifically, there was a chat dated April 12, 2012, from "Open_Parents," which stated "Yeah, we ordered a cam about 6 weeks ago and when it came it would not work so we sent it back and there [sic] suposed [sic] to be sending us a replacement," alongside which Defendant noted "When did I ask about there [sic] cam?" Counsel stated that his note did not raise any concern for him because the statement from "Open_Parents" could merely have been a statement and not a response to a question. Counsel further opined that based upon his review of the discovery material, it reflected an unbroken chain of dialog between Defendant and the undercover agents (*id*.). Counsel also noted that it was the exculpatory evidence that he identified in the chats that provided the basis for raising the defense of entrapment (*id*. at 3).

As an initial matter, the court notes that Defendant has never alleged that he told his counsel that portions of the chats were missing or that there was "exculpatory" evidence contained on his computer. Moreover, counsel's independent assessment of the completeness of the discovery he was provided was not unreasonable.

Furthermore, even if other evidence existed tending to show that Defendant was interested in Detective Wilkinson's wife, Defendant has not shown that counsel's failure to review and present this evidence prejudiced him. The chats and evidence introduced at trial unquestionably established Defendant's sexual interest in the Detective's young daughter. For instance, Defendant chatted with

---

[3] It is not clear whether the earlier reference to April 12, 2010 is a typographical error.

Detective Wilkinson on April 12, 2010, while Defendant's web cam was running.  During that chat, Defendant believed that the child, "April," was in the room with the Detective, and that she had seen Defendant naked and masturbating.  The nature of the Defendant's questions and comments regarding whether April had seen and approved is such that Defendant's sexual interest in April is clear. Additionally, there was no mention of Detective Wilkinson's wife at that time (*see* doc. 87 at 10–12; *see also* PSR ¶¶ 11–16).  Finally, Defendant indicated at the time of his arrest that he had intended to bring a stuffed animal for April but that the store was sold out (PSR ¶ 23).

Defendant argues in his reply that counsel's affidavit actually supports Defendant's allegation that counsel did not obtain and review material exculpatory evidence contained on the computer.  It is true that counsel did not obtain and review evidence on the computer.  However, even in Defendant's reply he has failed to identify the allegedly "material exculpatory evidence" contained on the computer, or to explain why he failed to alert counsel to the existence of such materials when given the opportunity to do so.  Finally, even if evidence of Defendant's interest in the Detective's wife had been presented at trial, the evidence would not have changed the facts as presented with respect to Defendant's interest in sexual activity with the fictitious child.  In sum, Defendant has not met his burden of showing either that counsel's decision not to obtain and review the contents of Defendant's laptop computer was constitutionally deficient or that he was prejudiced thereby.

Ground Two

In his second ground for relief, Defendant claims that he was prejudiced by the cumulative effect of more than a dozen different errors of counsel, without each of which, he claims, the outcome of the proceedings would have been different.

First, Defendant asserts that counsel failed to moved for dismissal of the indictment on the grounds that it was not presented or returned by the grand jury in open court (doc. 104 at 14, ¶ 40). This assertion is frivolous, as the original indictment bears a stamp indicating that it was returned in open court on May 18, 2010, which stamp is signed by United States Magistrate Judge Miles Davis (doc. 17 at 1).

Defendant next asserts that counsel failed to advise him properly with respect to his decision to plead not guilty and proceed to trial (doc. 104 at 17, ¶ 41).  He asserts that had counsel "competently" pursued a favorable plea agreement, there is a reasonable probability that he would

have pleaded nolo contendere.  Counsel states in his affidavit that due to Defendant's substantial and significant sentencing exposure, he approached the Government about the possibility of a dismissal of one or more counts or a plea to lesser offenses. The Government informed counsel that there would be no reduction or dismissal of charges, and counsel therefore concluded that, in light of the applicable mandatory sentence, there was no alternative but for Leightey to go to trial (doc. 110-1 at 3).  Even if the court had accepted a nolo contendere plea to the charges against Defendant, in light of the statutory minimum mandatory on Count Two, Defendant would not have received a lesser sentence than the sentence that was imposed.

Defendant next contends that counsel failed to move for suppression of evidence material to Defendant's conviction and sentence (doc. 104 at 17, ¶ 42).  Defendant does not identify either the evidence that he believes counsel should have moved to suppress or a legal basis for suppression of same.

Defendant next faults counsel for his failure to move to dismiss the indictment (doc. 104 at 17, ¶ 42).  In fact, counsel did move to dismiss the indictment (doc. 31).  The court denied the motion because, as conceded by counsel, the defense arguments were foreclosed by circuit precedent (doc. 36).

Defendant asserts that counsel failed to investigate or present unspecified "available, material, exculpatory evidence and testimony" at trial and that counsel failed to timely object to the unlawful admission of evidence by the prosecution (doc. 104 at 17, ¶ 43).  Defendant's assertions are conclusory, as he does not identify either the evidence that counsel should have presented or the evidence to which counsel should have objected.

Defendant next contends that counsel failed to timely request appropriate jury instructions or timely object to insufficient instructions (doc. 104 at 17, ¶ 44).  The charge conference between the court and the parties is of record in this case (*see* doc. 80 at 90, 92–115, 117, 118).  Defendant has not suggested any instructions that he believes should have been given.  Former defense counsel also states in his affidavit that he knows of no additional instructions that were required (doc. 110-1 at 4).

Defendant also states that counsel failed to object to unspecified improper argument by the prosecution or to timely ask for curative instructions during the closing argument (doc. 104 at 17, ¶ 44).  Again, he fails to point to the portion of the Government's argument that was "improper" or

suggest what curative instruction should have been offered to counterbalance the alleged impropriety. This court's review of the Government's argument reveals no basis for objection (*see* doc. 80 at 119–128; 140–144) .

Defendant claims that counsel failed to investigate or present available evidence and "legal authority material" at his sentencing, and that counsel failed to object to "unlawful, false and unreliable evidence used to determine [his] guideline sentencing range and ultimate sentence" (doc. 104 at 17–18, ¶ 45). Defendant has failed to suggest what evidence should have been presented or to identify the evidence to which counsel should have objected. More significantly, Defendant's sentence was not based upon the guidelines, but rather the statutory minimum mandatory penalty applicable to Count Two. Thus, his argument has no merit.

Defendant next faults counsel for failing to move for an "appropriate" downward departure or a downward variance under 18 U.S.C. § 3553(a) (doc. 104 at 18, ¶ 46). He does not suggest the factual or legal basis for doing so, but regardless, in light of the application of the statutory mandatory minimum, this argument is without merit.

Defendant claims that counsel failed to investigate or present "the strongest issues available" to him on direct appeal and failed to preserve unidentified "viable issues for collateral review" (doc. 104 at 18, ¶ 47). Again, Defendant fails to identify counsel's alleged failings with any meaningful specificity, and his conclusory allegations do not afford him relief.

Defendant's final independent assertion of counsel's deficiency is that "counsel labored under an actual conflict of interest which adversely affected their [sic] performance during the pretrial, plea, trial, sentencing and direct appeal process" because counsel "owed a 'duty'" to someone other than Defendant and in conflict to the duty owed to Defendant (doc. 104 at 18, ¶ 48). Yet again, the defense does not identify the purported conflict or explain how Defendant was prejudiced thereby. As such, Defendant's conclusory allegations do not afford him relief.

Finally, Defendant claims that the individual errors and the multiplicity of errors by counsel as set forth herein establish that he is entitled to relief (doc. 104 at 18, ¶ 49). It is true that the cumulative effect of several errors that are harmless by themselves could so prejudice a defendant's right to a fair trial that a new trial might be necessary even if the errors considered individually are non-reversible. *See, e.g.*, United States v. Ramirez, 426 F.3d 1344, 1353 (11th Cir. 2005); United

States v. Preciado-Cordobas, 981 F.2d 1206, 1215 n.8 (11th Cir. 1993) (citing United States v. Pearson, 746 F.2d 787, 796 (11th Cir. 1984)); United States v. Adams, 74 F.3d 1093, 1099 (11th Cir. 1996); United States v. Thomas, 62 F.3d 1332, 1343 (11th Cir. 1995).  The Supreme Court has not recognized the cumulative error doctrine in the context of ineffective assistance of counsel claims.[4] In any event, having found no error, there can be no cumulative error, and Defendant is not entitled to relief under either theory.  See Mullen v. Blackburn, 808 F.2d 1143, 1147 (5th Cir. 1987) (noting that increasing the number of non-meritorious claims raised will not support a finding of cumulative error because "Twenty times zero equals zero.").

Ground Three

Defendant claims that his conviction violated Due Process because the Government failed to make his seized laptop available for forensic examination.  Counsel states in his affidavit that he specifically requested that Defendant's laptop computer be preserved for evidentiary purposes (see doc. 110-1 at 1).  Moreover, the Government represents that the laptop is still preserved in the same condition as when it was seized (doc. 110 at 19).   To the extent this claim is not procedurally barred for his failure to present it previously, Defendant has failed to show a violation of his constitutional rights, as he has not shown, or even alleged, that the laptop would not have been available upon request.

Ground Four

Defendant's fourth ground for relief is that his conviction was in violation of the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution.  He offers no factual support for these assertions but indicates that they are "alleged on information and believe [and] are also pleaded to protect the record for Mr. Leightey in the event of a change in law or new facts or circumstances which come to light during the litigation of this motion."  He is not entitled to relief on this ground.

Conclusion

---

[4] The Eleventh Circuit has noted "the absence of Supreme Court precedent applying cumulative error doctrine to claims of ineffective assistance of counsel."  Forrest v. Fla. Dep't of Corr., 342 F. App'x 560, 565 (11th Cir. 2009). The court cautioned that the Supreme Court has held that "there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." Id. (quoting United States v. Cronic, 466 U.S. 648, 659 n.26, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)).

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore, Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2255 Proceedings.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.     The amended motion to vacate, set aside, or correct sentence (doc. 104) be **DENIED**.

2.     A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 12th day of August 2014.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).