IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.  Case No.: 3:10cr51/LAC

DOUGLAS E. LEIGHTEY,
_____/

**ORDER**

Before the Court is Defendant's Motion for expedited relief under the "Compassionate Release" provision of the First Step Act of 2018 (FSA) (Doc. 136). The Government has not responded as of the date of this Order.

Following a jury trial, Defendant was found guilty of three counts of sexual offenses involving a minor, for which he was sentenced in November of 2010 to two concurrent terms of 120 months and a concurrent term of 360 months. According to the BOP, Defendant's projected release date is November 14, 2035.

In support of his motion, Defendant generally states his concerns over the ongoing Covid-19 epidemic and states that not enough is being done to address the problem at Elkton FCI where he is currently housed and where there is an elevated count of infected persons.

The Court has the discretion under the First Step Act to determine whether extraordinary and compelling reasons exist such that relief may be granted an inmate. *See, e.g.*, *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *2 (D. Utah Feb. 18, 2020); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019). With due regard for the factors outlined in U.S.S.G. § 1B1.13, as well as 18 U.S.C. § 3553(a) and 18 U.S.C. § 3142(g), the Court finds that extraordinary and compelling reasons do not exist to warrant a reduction in Defendant's sentence under the compassionate release statute.

Defendant provides nothing to show that he has any particular medical condition that might pose an elevated risk should he contract the Covid-19 virus. As Defendant does not appear to be distinctly vulnerable as compared with other inmates in the vast prison system, the Court does not find that extraordinary and compelling reasons exist to grant relief. *See also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). To release Defendant under these circumstances would essentially

amount to a declaration that all inmates at Elkton FCI, if not the entire BOP, should be released.

Accordingly, it is **ORDERED:**

1. Defendant's Motion for expedited relief under the "Compassionate Release" provision of the First Step Act (Doc. 136) is **DENIED**.

**ORDERED** on this 2nd day of September, 2020.

s/ *L.A. Collier*  
Lacey A. Collier  
Senior United States District Judge

Case No.: 3:10cr51/LAC